**AMADOR COUNTY, CALIFORNIA, Appellant**

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR, et al., Appellees**

**No. 16-5082**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: November 27, 2017

Dennis J. Whittlesey, Jr., Dickinson Wright, PLLC, Washington, DC, for Plaintiff-Appellant

Katherine Wade Hazard, Attorney, Mary Gabrielle Sprague, Esquire, Attorney, Jeffrey Heath Wood, Acting Assistant Attorney General, U.S. Department of Justice (DOJ) Environment and Natural Resources Division, Washington, DC, Judith Rabinowitz, U.S. Department of Justice (DOJ) Civil Division, Commercial Lit, for Defendants-Appellees

Before: Garland, Chief Judge, and Pillard and Wilkins, Circuit Judges.

## JUDGMENT

Per Curiam

This petition for review was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's order of March 16, 2016 be affirmed.

Amador County challenges the Department of the Interior's authorization of gaming on land, known as the Buena Vista Rancheria, that is owned by the Me Wuk Tribe. Its suit turns on whether the Rancheria is a "reservation" within the meaning of the Indian Gaming Regulatory Act. *See* 25 U.S.C. §§ 2703(4), 2710. In 1987, in *Hardwick v. United States*, No. C-79-1710 (N.D. Cal. Apr. 21, 1987), the County and the *Hardwick* plaintiffs from the Buena Vista Rancheria agreed to a stipulated judgment stating that the County would "treat[ ]" the Buena Vista Rancheria "as any other federally recog-

nized Indian reservation," and that "all of the laws of the United States that pertain to federally recognized Indian Tribes and Indians shall apply" to the Rancheria. Joint Appendix 31. As the district court found, the agreement's plain language "unambiguously sets forth the parties' intent that the County would treat the Buena Vista Rancheria as a reservation." *Amador County v. S.M.R. Jewell*, 170 F.Supp.3d 135, 144 (D.D.C. 2016). And as this court noted in an earlier appeal, such a "clear[ ] manifest[ation of] the parties' intent to be bound in future actions" precludes the County from arguing here that the Rancheria is not an Indian reservation. *See Amador County v. Salazar*, 640 F.3d 373, 384 (D.C. Cir. 2011) (citing *Otherson v. Dep't of Justice*, 711 F.2d 267, 274 n.6 (D.C. Cir. 1983)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.